Filed 3/15/17 (Posted on 6/8/17 due to inadvertent omission)

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| JENNIFER AUGUSTUS et al., | ) | |
| | ) | |
| Plaintiffs and Respondents, | ) | |
| | ) | S224853 |
| v. | ) | |
| | ) | Ct.App. 2/1 B243788, B247392 |
| ABM SECURITY SERVICES, INC., | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. BC336426, |
| | ) | BC345918, and CG5444421 |
| _____ | ) | |

## ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING

THE COURT:

The opinion in this matter filed on December 22, 2016, and appearing at 2 Cal.5th 257, is modified as follows:

      1.  Add the following sentence to the end of the Conclusion on page 273:  "The matter is remanded to the Court of Appeal for further proceedings consistent with this opinion."

This sentence should be placed so that it is the final sentence in the Conclusion and so that the complete Conclusion reads as follows:

> California law requires employers to relieve their employees of all work-related duties and employer control during 10-minute rest periods. The trial court's summary adjudication and summary judgment orders were premised on this understanding of the law.  Rightly so: Wage Order 4, subdivision 12(A) and section 226.7 prohibit on-duty rest

periods. What they require instead is that employers relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call. A rest period, in short, must be a period of rest. We accordingly reverse the Court of Appeal's judgment on this issue. The matter is remanded to the Court of Appeal for further proceedings consistent with this opinion.

This modification does not affect the judgment.

The petition for rehearing, filed on January 5, 2017, is denied.